**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America National Association, as Trustee, Successor by Merger to LaSalle Bank National Association, as Trustee for Lehman XS Trust Mortgage Passthrough Certificates, Series 2006-11, its successors and/or assigns,<br><br>Plaintiff<br><br>v.<br><br>Richard Evalobo, Priscilla Santos Cortez, and Doe Occupants I through X, inclusive,<br><br>Defendants | Case No. 2:15-cv-1270-JAD-NJK<br><br>**Order Remanding Case Back to Justice Court for Lack of Subject-Matter Jurisdiction**<br><br>[ECF 3, 5] |

    This is an unlawful detainer action that defendant Priscilla Santos Cortez—one of the occupants of real property allegedly owned by the plaintiff bank—has removed from the Henderson, Nevada, Justice Court.[1] She contends that this is "a criminal matter brought under the disguise of a non-judicial foreclosure" and that this court has jurisdiction on two bases. First, she asserts that federal-question jurisdiction exists because the defendants were deprived of their due process rights by the plaintiffs. Second, she claims diversity jurisdiction because the parties are completely diverse and the plaintiff is wrongfully claiming title to a property worth "several times $75,000."[2]

    But there are no due process claims or title challenges pled in this case. Indeed, the defendants have asserted no counterclaim at all. This case consists entirely of just a single unlawful-detainer claim filed by the plaintiff bank. And the bank seeks damages in an amount far below this court's $75,000 jurisdictional threshold: it pleads damages of "no more than $1,000" in

---

[1] ECF 1.

[2] *Id*.

rental fees plus $596 in attorney's fees and costs.[3]  In general, the amount in controversy is ascertained from the face of the pleadings.[4]  If the plaintiff has alleged the amount in controversy in good faith, the sum claimed by the plaintiff controls.[5]

On July 8, 2015, the court ordered removing defendant Cortez to show cause why this case should not be remanded for want of jurisdiction.[6]  Cortez's response to the order to show cause was essentially that it is not her obligation "to prosecute the plaintiff" and that, by suggesting in her removal that the plaintiff is engaging in a conspiracy, deprivation of civil rights, disloyalty against the government, rebellion or insurrection, extortion, and defrauding the United States, she has triggered federal jurisdiction.[7]

Plaintiff has timely moved to remand this case back to the Henderson, Nevada, Justice Court.[8]  It argues that this is a simple unlawful-detainer action filed because the defendants refused to vacate the home they lost to foreclosure.[9]

**Discussion**

This court lacks jurisdiction over this case.  Federal Rule of Civil Procedure 12(h)(3) permits a district court to ascertain at any time whether it has subject matter jurisdiction over a case, and 28 U.S.C. § 1447(c) requires remand if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  Cortez's enumeration of various federal rights or concepts in her removal petition did not trigger this court's limited jurisdiction.  As the United States Supreme Court explained in *Caterpillar Inc. v. Williams*, "The presence or absence of federal-

---

[3] ECF 1 at 28.

[4] *See Pachinger v. MGM Grand Hotel–Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986).

[5] *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

[6] ECF 3.

[7] ECF 4.

[8] ECF 5.

[9] *Id*. at 3.

question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."[10] In this case, the plaintiff's complaint lacks any federal question; it pleads a single, state-law claim for unlawful detainer.

Nor has Cortez shown that diversity jurisdiction exists. Although she bears the burden on removal to prove facts that show that the jurisdictional amount is satisfied here,[11] she has not done so. Her contention that the property is worth more than $75,000 is not relevant to this unlawful-detainer action. As the master of the complaint, the bank seeks damages of just $1,596.00.[12] This case value falls far below the jurisdictional threshold necessary to trigger federal jurisdiction.

**Conclusion**

There is a strong presumption against removal jurisdiction, and "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[13] This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."[14] Cortez has not carried that burden. She has not shown cause why this case should not be remanded, nor has she defeated the bank's arguments for remand. Accordingly, with good cause appearing and no reason to delay,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the bank's motion to remand **[ECF 5] is GRANTED**;

This case is **REMANDED back to the Justice Court - Henderson Township, Clark**

---

[10] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal citations omitted).

[11] *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

[12] ECF 10 at 3; ECF 1 at 28 (Complaint).

[13] *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir. 1979)).

[14] *Id.*

1 **County, Nevada, Case No. 15CH001955, Dept. II for all further proceedings, and the Clerk of**
2 **Court is directed to close this case.**
3       DATED October 14, 2015.

                                                    _____
                                                    Jennifer A. Dorsey
                                                    United States District Judge